# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>2004 Cadillac Escalade, VA registration VGM-4577, VIN<br>3GYFK66N54G106661 | ) ) ) Case No. 3:17-sw-140 ) ) |

JUN 28 2017

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, fully incorporated herein by reference

located in the _____Eastern_____ District of _____Virginia_____, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, fully incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1703 | Delay or Destruction of Mail |
| 21 U.S.C. 844 | Possession of a Controlled Substance |

The application is based on these facts:
See attached affidavit, fully incorporated herein by reference

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Reviewed by AUSA/SAUSA:

Heather Hart Mansfield

Regina Hedman, Postal Inspector, USPIS
*Printed name and title*

Sworn to before me and signed in my presence.

/s/ Roderick C. Young
United States Magistrate Judge
*Judge's signature*

Date: June 28, 2017

City and state: Richmond, Virginia

Roderick C. Young, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Regina M. Hedman, being duly sworn, hereby depose and state:

## INTRODUCTION AND AGENT BACKGROUND

1. I am an Inspector with the United States Postal Inspection Service (USPIS) and have been so employed since February 2017. I completed a twelve-week federal law enforcement basic training course in Potomac, Maryland, which included training in the investigation of mail theft, aggravated identity theft, prohibited mailing of narcotics, bank fraud, wire fraud and mail fraud. I am currently assigned to the Multi-Functional External Crimes Team for the Washington Division, Richmond, Virginia Domicile. I am responsible for investigating suspected violations of federal criminal statutes and am also responsible for conducting complex investigations that include reviewing and analyzing documents, witness interviews, and the preparation, presentation, and service of criminal complaints, search warrants and arrest warrants.

2. Prior to joining the USPIS, I was a Senior Investigator with the Virginia Office of the Attorney General, Medicaid Fraud Control Unit ("MFCU") for approximately six and a half years. My duties included the investigations of both Federal and State criminal violations in the Commonwealth of Virginia. While employed with the MFCU, I specialized in complex white-collar health care fraud investigations.

3. The facts set forth in this affidavit are based upon my personal knowledge and knowledge obtained during my participation in this investigation, including my review of documents related to this investigation, communication with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. I have included in this affidavit facts which I believe are sufficient to support a

1

probable cause finding for the issuance of the requested warrant, but I do not purport to include each and every matter of fact observed or known to me or other law enforcement agents involved in this investigation.

4. I make this affidavit in support of an application for a search warrant for the following subject vehicle, and subject bag seized from MAKHYA ALEXANDRIA CURTIS ("CURTIS") pursuant to her detention on June 23, 2017 for violations of Title 18, United States Code, Section 1703 (Delay or Destruction of Mail or Newspapers) and Title 21, United States Code, Section 844 (Possession of a Controlled Substance):

　　a. The SUBJECT VEHICLE to be searched is a 2004 Cadillac Escalade, white, four door SUV, VA registration VGM-4577, VIN 3GYFK66N54G106661, registered in the name of Kareem Jovan Hall. The SUSPECT VEHICLE is currently stored in a Virginia State Police secured lot, located at 9300 Brook Road, Glen Allen, Virginia 23060, within the Eastern District of Virginia.

　　b. The SUBJECT BAG to be searched is navy blue colored backpack with black zippers, bearing a Midlothian High School seal in gold in the middle of the lower pocket. The SUBJECT BAG is currently in the possession of the United States Postal Inspection Service ("USPIS"), Washington Division at the Richmond Domicile, located in the City of Richmond, Virginia, within the Eastern District of Virginia.

## STATEMENT OF FACTS AND CIRCUMSTANCES

5. In March 2017, the Inspection Service was notified by postal management at the United States Postal Service ("USPS") Richmond Processing and Distribution Center ("P&DC"), located at 5801 Technology Boulevard, Sandston, Virginia, about a number of parcels that had

been opened and their contents removed. Postal Inspectors collected over 100 rifled and damaged packages, all bearing obvious signs of damage, most with their contents removed. Postal Inspectors determined the damage appeared intentional, with holes large enough to accommodate a person's hand.

6. The USPS continued to report rifled and damaged packages coming from the P&DC to USPIS from March 2017 through June 2017. Of the approximately 130 known recovered packages, roughly 98 of them are from California, Colorado, Oregon, Washington, or Arizona. Based upon my training and experience in the field of narcotic interdiction through the mails, I know that there are suspicious characteristics common to many packages that contain narcotics and controlled substances. These factors include the State of Origin. If other criteria are present, I know from experience and training that domestic packages sent from California, Oregon, Washington, Arizona, Texas, Nevada, Florida and Colorado can indicate that a package contains controlled substances. Four (4) of the recovered rifled packages contained suspected narcotics. Several of the packages were heavily taped, contained handwritten address labels, and were sent from known source states.

7. Inspectors conducted surveillance utilizing security cameras at the P&DC on June 16, 2017 and observed CURTIS rifling several postal packages. CURTIS is employed by the USPS as a Mail Handler; her job duties include loading, unloading, and moving bulk mail and performing other duties incidental to the movement and processing of mail. CURTIS, in no way, as part of her job duties, should be rifling or damaging mail. Later that morning, Inspectors recovered three (3) packages that were similar in appearance to those rifled by CURTIS during her shift. The damage to the packages appeared intentional, with holes large enough to accommodate a person's hand. CURTIS can be seen on surveillance video striking several packages with a

"culling tool," a long pole used to facilitate the sorting of packages.

8. During one such instance, surveillance footage shows CURTIS appear to open a package, remove its contents, and place the contents in a green tote bag. At approximately 5:00 AM on June 16, 2017, Inspectors observed CURTIS leave the facility with the green bag and go to the SUBJECT VEHICLE. CURTIS entered the SUBJECT VEHICLE and then returned to the workroom floor. Inspectors observed the green bag in the front passenger seat of the SUBJECT VEHICLE on this date.

9. On June 23, 2017, Inspectors continued to investigate CURTIS for rifling and damaging mail, as well as, mail theft. Inspectors observed CURTIS via video surveillance during her scheduled shift at USPS Richmond P&DC. On this video, Inspectors observed CURTIS rifling and damaging multiple packages. CURTIS was observed removing several packages from their proper sort bins and taking them to an area where she was obstructed from view of others. CURTIS was seen with several packages which appeared initially to be fully intact. Inspectors observed CURTIS moving in a manner consistent with opening packages. CURTIS was observed bent over an orange piece of mail equipment apparently manipulating several packages by hand, during which time she continually looks around. On at least one instance, CURTIS was seen throwing a damaged mail package back to the normal mail stream, which contained a large hole. CURTIS returned several of the rifled packages to the mail stream and was observed placing several others in a canvas wheeled cart.

10. Upon exiting the facility on a break, CURTIS was approached by Inspectors as she attempted to enter the SUBJECT VEHICLE. The driver's door was open, and CURTIS was holding the SUBJECT BAG in her left hand. CURTIS was subsequently arrested on an

4

outstanding state warrant for failure to appear.

11. Following CURTIS' arrest, Inspectors recovered multiple rifled and damaged packages inside the P&DC from the area where CURITS was viewed on video surveillance. Of the fifteen (15) recovered packages, thirteen (13) of them are from a known drug source state.

## SUBJECT VEHICLE

12. On June 23, 2017, standard protocols for canine detection were followed for SUBJECT VEHICLE. At that time, Virginia State Police Trooper A. B. Treakle, canine handler, and his narcotics detecting canine "DUFFY" were brought in to search the area. Trooper Treakle is employed by the Virginia State Police and has been a Trooper since June 1999. Trooper Treakle has been a canine handler since June 11, 2010 and is specifically trained to interpret the reactions of canine "DUFFY" in detecting the odor of a controlled substance. Trooper Treakle observed the canine "DUFFY" and then informed Postal Inspectors that the dog alerted on the SUBJECT VEHICLE.

## SUBJECT BAG

13. The SUBJECT BAG was seized by Inspectors from CURTIS' possession. Inspectors could immediately feel several bulges inside the SUBJECT BAG. Inspectors noted, based on training and experience, the bulges were consistent with vacuum sealed narcotics which are typically used to contain the odor when shipped via U.S. Mail.

14. On June 23, 2017, standard protocols for canine detection were followed for SUBJECT BAG, separate and distinct from the SUBJECT VEHICLE detection. At that time, Virginia State Police Trooper A. B. Treakle, canine handler, and his narcotics detecting canine "DUFFY" were brought in to search the area. Trooper Treakle is employed by the Virginia State Police and has been a Trooper since June 1999. Trooper Treakle has been a canine handler since

June 11, 2010 and is specifically trained to interpret the reactions of canine "DUFFY" in detecting the odor of a controlled substance. Trooper Treakle observed the canine "DUFFY" and then informed Postal Inspectors that the dog alerted on the SUBJECT BAG.

### RELIABILITY OF NARCOTICS DETECTOR CANINE

15. Trooper Treakle advised this affiant that he and canine "DUFFY" were trained by the Virginia State Police. Trooper Treakle and canine "DUFFY" were certified as a team after a 13 week Canine/Handler course in June 2010 under the certification guidelines set forth by the Virginia State Police. Canine "DUFFY's" certification was conducted by a Trainer from the Virginia State Police. Certification ensures that the handler cannot cue the dog, as the handler does not know the results. Canine "DUFFY" responds by sitting after the alert has been given. This indicates to Trooper Treakle the odor of Marijuana or its derivatives, Cocaine, Heroin, Ecstasy, and Methamphetamine has been detected. Canine "Trooper Treakle" receives a minimum of twenty (20) hours of monthly re-training each month.

16. Canine "DUFFY" has been working for seven (7) years as a trained drug dog. Canine "DUFFY" has screened numerous packages for the USPIS. Moreover, "DUFFY" has a success/reliability rate of 99 percent, meaning of the packages she has alerted on, 99 percent did, in fact, contain contraband.

### CONCLUSION

17. I submit that based upon the above indicators exhibited by the SUBJECT VEHICLE and SUBJECT BAG, my training and experience, and the alert of a trained canine on both the vehicle and bag, that there is probable cause to believe that the above-described SUBJECT VEHICLE and SUBJECT BAG, further described in Attachment A, contain stolen mail matter and/or narcotics or controlled substances and/or materials or proceeds relating to the possession of

6

controlled substances through the United States Mail which are more particularly described in Attachment B.

_[signature]_
Regina M. Hedman
United States Postal Inspector

Reviewed by:
Heather Mansfield
Assistant United States Attorney
Eastern District of Virginia
Richmond, Virginia

/s/ _[signature]_
Roderick C. Young
United States Magistrate Judge

Subscribed and sworn to before me

on the 28th day of June 2017.

# ATTACHMENT A

### Items to be Searched

1. This warrant applies to one (1) vehicle currently stored in a Virginia State Police secured lot, located at 9300 Brook Road, Glen Allen, Virginia 23060, within the Eastern District of Virginia further described as a 2004 Cadillac Escalade, white, four door SUV, VA registration VGM-4577, VIN 3GYFK66N54G106661, registered in the name of Kareem Jovan Hall.

# ATTACHMENT B

### Items Subject to Search and Seizure

1. Evidence of the commission of the criminal offenses as set forth in the Affidavit, including but not limited to:

    a. Theft and destruction of Mail matter
    b. Narcotics and other items related to the distribution of illegal drugs to include but not limited to:
        i. Marijuana
        ii. Scales
        iii. U.S. Currency
        iv. Packaging material
        v. Records
        vi. Photographs
        vii. Cell phones
        viii. Electronic data
        ix. Handwritten notes